UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL JEFFREY MARLIN, <br><br> Plaintiff, <br><br> v. <br><br> THOR MOTOR COACH, INC., et al., <br><br> Defendants. | Case No. 3:23-CV-335-GSL-MGG |

## ORDER

On April 26, 2023, Plaintiff sued Thor Motor Coach, Inc. ("Thor Motor Coach") and FCA US, LLC ("FCA") alleging a breach of warranty and a Magnuson-Moss Warranty Act violation. [DE 1]. Plaintiff did not serve process on Thor Motor Coach or FCA. *See generally*, Docket, Case No. 3:23-CV-335-GSL-MGG. On April 17, 2024, the Court notified Plaintiff that since process was not served within 90 days of the Complaint, the Court could dismiss the matter without prejudice. [DE 4]. On April 26, 2024, Plaintiff advised the Court that the matter settled. [DE 5]. On June 3, 2024, Plaintiff filed the instant Stipulation of Dismissal signed only by Plaintiff and Thor Industries, Inc. ("Thor Industries"). [DE 7]. The Stipulation seeks dismissal with prejudice. No formal appearances, answers, or motions for summary judgment have been filed by Thor Motor Coach, FCA, or Thor Industries. *See generally*, Docket.

A plaintiff may voluntarily dismiss an action without a court order by filing either: a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). Plaintiff's Complaint names Thor Motor Coach, but

the Stipulation of Dismissal is signed by Thor Industries. Since "[t]he federal courts look with great favor upon the voluntary resolution of litigation through settlement[,]" the Court assumes that here, Thor Industries is Thor Motor Coach. *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 312-13 (7th Cir. 1980) (internal citations omitted), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Therefore, the Stipulation of Dismissal is **GRANTED**, and the claims between Plaintiff and Thor Motor Coach/Thor Industries are **DISMISSED** with prejudice. This leaves only FCA.

Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant[,] … [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff filed this action on April 26, 2023, and took no further action until prompted by the Court's notice on April 17, 2024. [DE 4]. Plaintiff had three more weeks to serve process on FCA. Plaintiff never served FCA and did not show good cause. His only action during that time was notifying the Court of the settlement. [DE 5]. Therefore, pursuant to Federal Rule of Civil Procedure 4(m), the Court sua sponte **DISMISSES** the claims against FCA without prejudice.

SO ORDERED.

ENTERED: June 4, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court

2